**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Efrain Terrazas and Maria Terrazas, husband and wife, | ) ) ) | No. CV 08-0600-PHX-DGC |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| Dole Fresh Vegetables, Inc., | ) ) | |
| Defendant. | ) ) ) | |
| | ) | |

Plaintiffs Efrain Terrazas and Maria Terrazas filed suit against Dole Fresh Vegetables, Inc., asserting various causes of action stemming from Dole's termination of Mr. Terrazas' employment. Dkt. #1. Dole seeks to dismiss or stay this case and to compel arbitration because Plaintiffs' claims have not gone through the mandatory grievance procedures outlined in a collective bargaining agreement ("CBA") that applies to disputes brought by employees. Dkt. #2. Plaintiffs oppose the motion because (1) Plaintiffs' complaint contains state law claims not governed by the CBA, (2) Mrs. Terrazas is not a party to the CBA, (3) Dole repudiated the grievance process, and (4) Plaintiffs are unable to obtain equitable relief by way of the grievance process. Dkt. #7. The Court will dismiss the case without prejudice.

The CBA provides that a grievance – defined as a "dispute or controversy involving the interpretation or application of the terms and provisions of the [CBA]" – first must be communicated by an employee to an immediate supervisor or other Dole representative, and that the employee, a union representative, and a supervisor designated by Dole should then

attempt to resolve the matter. Dkt. #2-2 at 1. Grievances unresolved by this step must be submitted in writing, and the employer must respond within fifteen days or present the written grievance to a grievance committee. *Id*. at 1-2. If the grievance still remains unresolved, the employee may request arbitration. *Id*. at 2.

Plaintiffs do not dispute that Mr. Terrazas has a "grievance" within the meaning of the CBA or that the grievance procedures were not followed. Dkt. #7. Plaintiffs also concede that federal law covers the CBA. *Id*. at 2. Plaintiffs contend, however, that Dole's motion should be rejected because the complaint includes state law claims that fall outside of the CBA's reach. *Id*. But the plain language of the grievance procedures does not differentiate among grievances that may lead to federal or state claims. The CBA requires that a grievance arising out of the CBA which governed Mr. Terrazas' employment be resolved through the grievance process. Dkt. #1-2.

Plaintiffs contend that the motion should be denied because the complaint contains claims brought independently by Mrs. Terrazas, who is not governed by the CBA. This argument does not, however, provide a basis for avoiding Mr. Terrazas' obligation to comply with the CBA. He is still bound by the grievance procedures, and it would make little sense to proceed in this Court with his wife's claims while forcing him to assert his virtually identical claims in arbitration. One purpose of requiring exhaustion is to promote the speedy and efficient resolution of disputes. *See SEC v. G. C. George Securities, Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981) (exhaustion promotes judicial economy). Another is to resolve disputes before incurring the cost and time of a lawsuit. *See Ong v. Cleland*, 642 F.2d 316, 320 (9th Cir.1981) (one purpose of exhaustion is to avoid institution of lawsuits). Moreover, allowing an employee to avoid the grievance procedures merely by naming his or her spouse as a co-plaintiff would defeat the purposes of the grievance procedures, the federal law recognizing such procedures, and the exhaustion doctrine. The Court exercises discretion when considering exhaustion requirements, and concludes in this case that Mr. Terrazas should be required to comply with his CBA obligations.

Plaintiffs assert that Dole repudiated the grievance process when a union representative stated that Dole "would not believe" the Plaintiffs' allegations. *Id*. at 3. In support of their argument, Plaintiffs cite to *Sidhu v. Flecto Company Inc.*, 279 F.3d 896 (9th Cir. 2002), a case which stands for the proposition that an employee need not exhaust an employer's grievance procedures when the employer refuses to honor the procedures. *Id*. at 899 (the employee "could not exhaust the grievance procedures because [the employer] took the repeated position that the grievance procedures did not govern this dispute."). Here, it is Plaintiffs who are refusing to go through the grievance procedures and Dole that argues the procedures should be applied. The *Sidhu* court recognized that the repudiation doctrine is an equitable one, prohibiting an employer from repudiating the grievance process and then arguing that an employee did not take advantage of that process. *See id*. at 898. Plaintiffs have not shown that Defendant should be estopped in this case. A single union representative's subjective opinion regarding Defendant's possible reaction to the dispute does not constitute Defendant's repudiation of the grievance process.

Finally, Plaintiffs claim that they would not be able to obtain equitable relief in arbitration. Dkt. #7. The prayer for relief in their complaint, however, does not seek equitable relief. Dkt. #1-2 at 14.

The Court will dismiss Plaintiffs' case without prejudice to allow the parties to address the employment dispute under the grievance procedures established by the CBA. *See Herman v. United Bhd. of Carpenters & Joiners of Am., Local Union No. 971*, 60 F.3d 1375, 1379 (9th Cir.1995) (before bringing suit, exhaustion of grievance procedures is required).[1]

**IT IS ORDERED:**

1.      Defendant's motion (Dkt. #2) is **granted**. This action is dismissed without prejudice.

---

[1]Defendant's reply memorandum asks the Court to award attorneys' fees (Dkt. #8 at 4-5), but the request does not comply with the Court's procedures for seeking such fees (*see* LRCiv 54.2). Nor should such a request be made for the first time in a reply memorandum.

1      2.      The clerk is directed to terminate this action.

2      DATED this 23rd day of May, 2008.

David G. Campbell
United States District Judge